Case 1:23-mj-03315-EIS   Document 1   Entered on FLSD Docket 07/07/2023   Page 4 of 10

In addition, to the above retainer and hourly rate, bonuses will be paid upon receipt of invoice for the following:

- $200 for pictures of Ben's truck and Alyssa's car together at the apartment between 10pm and 8am
- $500 for video/picture of Ben coming/going into the apartment, proving he was there between 10pm-8am.
- $2,000 for picture/video of Alyssa/Ben drinking and driving with Willow or doing drugs around Willow
- $1,000 for pictures of any child endangerment with Willow with any family member.
- $100 for men coming and going into the apartment

i. ~~On or about August 11, 2020, Elkins and Beard hired a private investigator to track and monitor A.A.B. and B.E.~~

k. On or about September 2, 2020, Elkins texted Beard a photograph of the ... complex where ... worked, providing ... description and license plate number as the automobile from which A.A.B. was hiding and selling drugs.

m. On or about September 13, 2020, Elkins and Beard purchased a silver

Indictment—Page 3

**Blacknall's bonus scale. Intent?**



Case 1:23-mj-03315-EIS   Document 1   Entered on FLSD Docket 07/07/2023   Page 4 of 10

Case 3:23-cr-00247-B *SEALED*   Document 1 *SEALED*   Filed 06/21/23   Page 3 of 8   PageID 3

~~f.  On or about July 9, 2020, Beard purchased a GPS tracking device that was placed on B.E.'s vehicle.~~

~~g.  On or about July 25, 2020, **Elkins** telephoned the police using a fake name and falsely reported that she observed A.A.B.'s automobile driving dangerously on a public highway, and **Elkins** provided the police with A.A.B.'s automobile description and license plate number.~~

~~h.  On or about August 6, 2020, **Elkins** telephoned the police and falsely reported that A.A.B.'s mother, T.C., had assaulted her with A.A.B. present.~~

~~i.  On or about August 11, 2020, **Elkins** and Beard hired a private investigator to track and monitor A.A.B. and B.E.~~

j.  On or about September 2, 2020, **Elkins** and Beard planted illegal drugs and a pistol, with an obliterated serial number, in the trunk of A.A.B.'s automobile to have A.A.B. arrested.

k.  On or about September 2, 2020, **Elkins** texted Beard a photograph of A.A.B.'s automobile's license plate for Beard to provide the license plate number to the police in a false report that A.A.B. was selling drugs from the automobile.

l.  On or about September 2, 2020, Beard telephoned the police using a fake name and falsely reported that A.A.B. was selling drugs to Black men at the apartment complex where A.A.B. worked, providing the police with A.A.B.'s automobile description and license plate number as the automobile from which A.A.B. was hiding and selling drugs.

m.  On or about September 13, 2020, **Elkins** and Beard purchased a silver

Indictment—Page 3

**Count Two**
**Stalking—Resulting in Death, or Life-Threatening Bodily Injury, or Serious Bodily Injury, or Using a Dangerous Weapon**
**(Violation of 18 U.S.C. § 2261A(2))**

Title 18, United States Code, Section 2261A makes it a crime to use the mail or any facility of interstate commerce, including interactive computer services or electronic communication services or systems, with the intent to stalk another person. For you to find the defendant guilty of this [...]

rea[...]

co[...]
fac[...]

pla[...]

Third: That through the use of the mail, computer interactive service, electronic communication service or system or other facility of interstate or foreign commerce, the defendant engaged in a course of conduct that

(1) placed that other person in reasonable fear of the death or serious bodily injury to that person; or

(2) caused, attempted to cause or would be reasonably expected to cause substantial emotional distress to that person; and

Fourth: That the defendant's conduct resulted in the death of the victim, or the defendant's conduct resulted in life threatening bodily injury to the victim, or the defendant's conduct resulted in serious bodily injury to the victim, or the defendant used a dangerous weapon during the offense.

---

**Annotations overlaid on the page:**

Boxed excerpt with labels (1), (2), (3), (4):

> **Fourth:** That the defendant's conduct resulted in the death of the victim, **(1)** or the defendant's conduct resulted in life threatening bodily injury to the victim, **(2)** or the defendant's conduct resulted in serious bodily injury to the victim, **(3)** or the defendant used a dangerous weapon during the offense. **(4)**

—OR—

**(5) Just "stalking" under the first three elements:**

First: That the [...]
communication servic[...]
facility of interstate or [...]
Second: That th[...]
place under surveillan[...]
Third: That t[...]

Answer this special interrogatory with regard to the defendant only if you have found the defendant guilty of that offense. Do not answer the special interrogatory if you have found the defendant not guilty of the offense. Do not answer this special interrogatory until after you have reached your verdict as to the offense.

To find that a particular offense resulted in the death of Alyssa Burkett, you must all be satisfied that the Government proved this beyond a reasonable doubt. A person's death "results" from an offense only if that offense caused, or brought about, the death. In determining whether the particular offense charged in Count Two caused Alyssa Burkett's death, you must affirmatively answer two questions. First, would Alyssa Burkett's death have occurred in the absence of the particular offense? Stated differently, you should decide whether Alyssa Burkett would have died on October 2, 2020, but for the defendant's particular offense of Count Two. Second, was Alyssa Burkett's death the result of the particular offense in a real and meaningful way? This includes your consideration of whether her death was a reasonably foreseeable result of the particular offense and whether her death could be expected to follow as a natural consequence of the particular offense.

If you answer "No" to the interrogatory will read:

Do you unanimously find that the offense resulted in the life-threatening bodily injury

_____ No
_____ Yes

To find that a particular offense Burkett, you must all be satisfied that the life-threatening bodily injury "results" from

**Jury Instructions, Page 13.**

To find that a particular offense resulted in the death of Alyssa Burkett, you must all be satisfied that the Government proved this beyond a reasonable doubt. A person's death "results" from an offense only if that offense caused, or brought about, the death. In determining whether the particular offense charged in Count Two caused Alyssa Burkett's death, you must affirmatively answer two questions. First, would Alyssa Burkett's death have occurred in the absence of the particular offense? Stated differently, you should decide whether Alyssa Burkett would have died on October 2, 2020, but for the defendant's particular offense of Count Two. Second, was Alyssa Burkett's death the result of the particular offense in a real and meaningful way? This includes your consideration of whether her death was a reasonably foreseeable result of the particular offense and whether her death could be expected to follow as a natural consequence of the particular offense.

## Reasonable Doubt #1: Unfair Arguments



## Reasonable Doubt #1: Unfair Arguments



# Reasonable Doubt #1: Unfair Arguments



# Reasonable Doubt #1: Unfair Arguments

# Government, During Its Opening:

> However, the relationship was not toxic, and there was some -- there was some cooperation between the two until one person got involved, and that person is none other than the defendant in this case, Holly Elkins.
>
> Now let's talk a little bit about the stalking campaign that you're going to hear about. In June of 2020, Alyssa's relationship with Andrew Beard became toxic, and that's going to be thanks to Holly Elkins.

# Reasonable Doubt #1: Unfair Arguments

## Prosecutor asks Agent Hanson (July 2023)

```
Q.   Okay.  And what do you take "railroad" to mean?
A.   To . . .
Q.   Frame?
A.   I don't know that I would have used that word.
```

## Prosecutor asks Agent Hanson (This Trial)

```
Q.   "Railroad," what does that mean?
A.   Basically to --
Q.   Frame somebody.
A.   Yes.
```



# Reasonable Doubt #2: Beard's Murder Clothes

## Mr. Ikeler

```
Q.      (By Mr. Clark)   I think I just heard you tell
Detective Bonner you're half blind anyway.
A.      I can't see out of this eye.
        (Video playing.)
```

```
A.      Like I said before, my daughter is the same
age.  And I'm a protector where I'm at.  And all I
could see was my daughter.
            THE COURT:   You what?
            THE WITNESS:   All could I see was my
daughter laying there.
```

## Reasonable Doubt #2: Beard's Murder Clothes

*What they should have done: "Mr. Ikeler, can you identify which of these clothing items the man was wearing?"*



## Reasonable Doubt #2: Beard's Murder Clothes

*What they did: "Mr. Ikeler, do these clothes (from Dick's Sporting Goods) look like the clothes the man was wearing?"*



# Reasonable Doubt #3: Beard's Drug & Gun Plant

**CASH**

**"GUN SHOW LOOPHOLE"**





**HOLLY = <u>SMART CRIMINAL</u>**

## Reasonable Doubt #3: Beard's Drug & Gun Plant



After Mr. Green's cross examination of Agent Hanson,

HOLLY = DUMB CRIMINAL

# Reasonable Doubt #3: Beard's Drug & Gun Plant

*Beard: "Can you text me BM plate number?"*

## Holly's Phone



**NOT DELETED**

## Beard's Phone



**DELETED**

# Reasonable Doubt #3: Beard's Drug & Gun Plant



# Reasonable Doubt #4: Makeup Purchase



# Reasonable Doubt #5: Murder Vehicle




# Reasonable Doubt #6: Lizette Invited to Visit

**LIZETTE**

From: +19162238855 Lizette Bowers
To: beard.andrew.c@gmail.com Andrew Beard (owner)
To: +14693438296 Holly Ann Elkins
To: beard.andrew.c@gmail.com Andrew Beard (owner)

Nooooo pressure....
But I'm thinking of coming to see you Sept 30 - Oct 6th

Does that work in your world? You will have Willow that weekend, right?

| Participant | Delivered | Read | Played |
|---|---|---|---|
| beard.andrew.c@gmail.com Andrew Beard | 9/18/2020 10:13:47 PM(UTC-5) | 9/18/2020 10:13:47 PM(UTC-5) | |
| +14693438296 Holly Ann Elkins | | | |
| beard.andrew.c@gmail.com Andrew Beard | | | |

**Status:** Read

Source Extraction:



**HOLLY**

From: +14693438296 Holly Ann Elkins
To: beard.andrew.c@gmail.com Andrew Beard (owner)
To: +19162238855 Lizette Bowers
To: beard.andrew.c@gmail.com Andrew Beard (owner)

No pressure but we would be sad if you didn't :) buttttt we are going on a little Mexico trip end of month and get back Thursday the 1st and have willow yes that weekend so by all means you could come we could just open the house up and be back the next day or weekend of the 15tj we have her all weekend

| Participant | Delivered | Read | Played |
|---|---|---|---|
| beard.andrew.c@gmail.com Andrew Beard | 9/18/2020 10:13:47 PM(UTC-5) | 9/18/2020 10:13:47 PM(UTC-5) | |
| +19162238855 Lizette Bowers | | | |
| beard.andrew.c@gmail.com Andrew Beard | | | |

**Status:** Read

9/18/2020 9:29:17 PM(UTC-5)